[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the sole assignment of error, upon our determination that the trial court properly denied the appellant's Crim.R. 29 motion for acquittal on the charge of drug trafficking in violation of R.C. 2925.03(A). For purposes of R.C. 2925.03(A), proof of an "offer to sell a controlled substance" may be supplied by evidence of conduct that can be construed as a "declar[ation of the accused's] readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection." See State v. Dominguez (Jan. 29, 1999), Hamilton App. No. C-980148, unreported (quoting State v. Burton [Mar. 31, 1995], Greene App. No. 94-CA-13, unreported). The state presented at trial evidence of conduct by the appellant in Hamilton County that manifested his "readiness [and] willingness to sell," at an agreed price, a proscribed quantity of cocaine. Hamilton County, therefore, provided a proper venue for the appellant's trial, and the appellant's motion for acquittal was thus properly denied, when the state adduced sufficient evidence upon which the jury could have found beyond a reasonable doubt that the appellant had "offer[ed] to sell" cocaine in Hamilton County. See R.C.2901.12(A) (providing that a criminal accused may be tried in any jurisdiction in which any element of the charged offense was committed); State v. Dickerson (1907), 77 Ohio St. 34,82 N.E. 969, paragraph one of the syllabus (holding that venue in a criminal proceeding must be established beyond a reasonable doubt).
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
Enter upon the Journal of the Court on August 16, 2000
per order of the Court.